IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:17-CR-270 (LO) |
| ) | |
| AHMED AMEER MINNI, ) | |
| RAMY SAID ZAMZAM, ) | |
| AMAN HASSAN YEMER, ) | |
| UMAR FAROOQ CHAUDHRY, and ) | |
| WAQAR HUSSAIN KHAN, ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S RESPONSE TO
DEFENDANT YEMER'S MOTION FOR EMERGENCY RELIEF

To the extent that Mr. Yemer's motion seeks his prompt and safe return to the United States, the government shares this wish. Also, we do not contest generally Mr. Yemer's right to return to the United States. Indeed, the FBI has been diligently pursuing the return of all defendants; however, as discussed below, there are numerous logistical and diplomatic hurdles that stand in the way. Many of these are caused largely by the current pandemic. Nonetheless, we have been making every effort to arrange for the defendants' travel to the United States. At the outset, it is important to say that Mr. Yemer and the other defendants are not being held by the Pakistanis on the basis of a U.S. government warrant. Rather, the Government of Pakistan is holding the defendants on the basis of its own analog of a deportation order.

By a letter of June 22, 2020, the Government of Pakistan formally requested that the United States submit extradition requests for defendants Chaudhry and Khan, who are dual U.S. and Pakistani citizens, and that the United States arrange travel

documents and transportation for the other three defendants' deportation from Pakistan.  At that time, and perhaps still, there remained an issue concerning the defendants' payment of fines in connection with their convictions in Pakistan.  Our understanding has been that the Government of Pakistan will not release Mr. Yemer (or the other two defendants who are not dual citizens) until the fines are paid.  Mr. Yemer's counsel is understandably concerned that if Mr. Yemer's fines are paid, he will be "released to the streets of Pakistan" and will be in danger due to his mental illness.

However, it is the FBI's understanding from the Pakistanis that even when the fines are paid, Mr. Yemer will not be released, nor will the other two defendants, until arrangements can be made for the U.S. government to pick them up.  It important to immediately add that for a variety of reasons, having effective communications with the Government of Pakistan has been challenging.  For example, despite the Pakistani's formal request, we have not yet been given permission by the Government of Pakistan to enter its airspace and to land an aircraft that can transport the defendants to the United States.  Nonetheless, in the meantime, the FBI has been working diligently to make all arrangements that can be made in advance, allowing for myriad complications that could arise because of COVID and other, unrelated issues.

For example, it will be necessary to land the aircraft in a third country on the return trip to the United States.  This requires a formal request for that country's approval.  We have prepared the documents to make that request; however, depending upon when the Government of Pakistan releases the defendants to us and depending upon the state of the COVID crisis in the third country at that time, that government may no longer be willing to serve as a waypoint.  It may then be necessary to apply to another country for this purpose.

According to the FBI, upon receiving word from the Pakistanis to come get the defendants, the FBI will be ready to travel within a period of one to two weeks. Of course, it must be added that there are any number of factors outside the government's control that could affect that estimate. We wish to assure the Court, however, that there has been and will be no unnecessary delay to the extent that it is within the power of the FBI to affect it.

For a variety of reasons, counsel's suggestion that Mr. Yemer be allowed to travel commercially is impractical and may in fact cause unnecessary delay in his return. First, there is an outstanding warrant for Mr. Yemer's arrest pursuant to an indictment that was returned by a Grand Jury in this District on November 16, 2017, charging him and the four other defendants with conspiring to provide material support to terrorists, among other related charges.[1] This is a significant distinction from the facts presented in *Mohamed v. Holder*, 995 F. Supp. 2d 520 (E.D. Va. 2014). A defendant arrested outside the United States does not have his pick of methods for transportation home. Defendants are and have been lawfully detained in any number of foreign countries upon the basis of an extradition request,[2] provisional arrest warrant, Red Notice, or even a less formal request that they be held until the U.S. government can make arrangements for their return. In principle, the situation here is no different. What

---

[1] For purposes of this motion, we accept at face value the defendant's assertion that he suffers from a serious mental illness. This does not help his case, however. We have no idea whether and to what extent this might affect Mr. Yemer's dangerousness to himself or others. For this reason, even leaving aside the myriad issues created by the current crisis, allowing him to travel by commercial aircraft would be unwise.

[2] The defendant is correct that the United States has not pursued an extradition request for Mr. Yemer. One is not necessary. The Government of Pakistan has already requested that we arrange travel for Mr. Yemer, among others, whom the Pakistanis will be deporting.

complicates matters – not only in this case, but presumably in all cases involving the transportation of defendants abroad – is the Corona virus.

Second, a Red Notice has been lodged against all five defendants on the basis of the outstanding warrants. Even if the government were to withdraw the notice, it is quite possible that a country used for transit would remove Mr. Yemer from the aircraft – especially if the commercial aircraft were one of its own – after which he would likely be detained there until the U.S. government could arrange to get him, again facing all the obstacles presented by the pandemic.

Third, for safety reasons, a team of FBI agents would be needed to accompany Mr. Yemer on a commercial flight to ensure that he reached the United States without incident and without deciding to disembark while transiting through a third country. However, because the FBI agents have no authority to detain someone outside the United States, they could not prevent Mr. Yemer from escaping or simply wandering off if he chose to do so.

There are additional impediments for the defendant's return that the FBI has been endeavoring to surmount. Counsel for the government has been discussing these with the FBI. However, in the interest of meeting the filing deadline, we hope that the Court will allow these to be discussed at the hearing tomorrow.

For these reasons, we ask that the Court deny the defendant's motion and, if it deems it necessary, set a status hearing in two weeks for the government to report on what information has been provided by the Government of Pakistan and what progress could be made regarding Mr. Yemer's return to the United States.

                                      Respectfully submitted,

                                      G. ZACHARY TERWILLIGER
                                      UNITED STATES ATTORNEY

By:           /s/
        James P. Gillis
        Virginia Bar No. 65055
        John T. Gibbs
        Virginia Bar No. 40380
        Assistant United States Attorney
        The Justin W. Williams
            United States Attorney's Office
        2100 Jamieson Avenue
        Alexandria, VA 22314
        (703) 299-3700
        (703) 299-3982 (fax)
        James.P.Gillis@usdoj.gov
        John.Gibbs@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2020, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to counsel of record.

Respectfully submitted,

/s/
James P. Gillis
Assistant United States Attorney