IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:17-CR-270 (LO) |
| ) | |
| AHMED AMEER MINNI, *et al.*, ) | |
| Defendants. ) | |

### GOVERNMENT'S MOTION FOR A
### CIPA SECTION 3 PROTECTIVE ORDER

Because this case will likely involve classified information, the United States respectfully moves the Court to enter the attached protective order pursuant to section 3 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. 3; the Security Procedures Established Pursuant to Pub. L. No. 960456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (the "Security Procedures"); Federal Rules of Criminal Procedure 16(d) and 57; and the general supervisory authority of the Court.

Section 3 of CIPA provides that "[u]pon motion of the United States, the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case in a district of the United States." 18 U.S.C. App. 3, § 3.  CIPA mandates issuance of a protective order upon motion of the United States.  *See United States v. Moussaoui*, 591 F.3d 263, 281 n.15 (4th Cir. 2010) ("The Government's right to protect such information is absolute, and we do not second guess such determinations.").

CIPA grants district courts broad authority to enter protective orders "to protect against the disclosure of any classified information." 18 U.S.C. App. 3, § 3; *see United*

States v. Bin Laden, 58 F. Supp. 2d 113, 117 (S.D.N.Y. 1999) ("CIPA and the accompanying Security Procedures create a system by which the trial court has wide latitude to impose reasonable restrictions likely to prevent the unauthorized disclosure of classified information."); S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299-4300 ("The details of each [protective] order are fashioned by the trial judge according to the circumstances of the particular case.").

A common feature of protective orders under this provision is to require counsel to undergo background checks to obtain a security clearance for access to classified information. See, e.g., United States v. Abu Ali, 528 F.3d 210, 248-49 (4th Cir. 2008); In re Terrorist Bombings of U.S. Embassies in E. Africa, 552 F.3d 93, 122 (2d Cir. 2008) ("The requirement that individuals seeking access to classified material establish their trustworthiness by obtaining a security clearance is consistent with CIPA's imposition on the district courts of a mandatory duty to prevent the unauthorized disclosure of classified information"). Furthermore, where defense counsel with an appropriate clearance is granted access to classified information, a protective order may stipulate that such information is not to be disclosed to the defendant. In re Terrorist Bombings, 552 F.3d at 125-26 (affirming protective order that granted cleared defense counsel access to classified information but did not permit the defendant to personally review such material); United States v. Moussaoui, 2002 WL 1987964 at *1 (E.D. Va. 2002) (denying defendant's motion for personal access to classified information and personal participation in CIPA proceedings, where standby counsel would review classified discovery and participate in any proceedings held pursuant to CIPA); United States v. Bin Laden, 58 F. Supp. 2d at 121-22 (entering protective order with practical

result of allowing cleared defense counsel to review classified documents that they could not share with their client, who had not been cleared).

Importantly, even if defense counsel has the requisite security clearance, that does not entitle defense counsel to all classified material even when a protective order is in place:

> Persons with an appropriate security clearance still may not have access to classified information if they do not have a 'need to know' that information. *See* Exec. Order No. 13526, §§ 4.1(a), 6.1(dd), 75 Fed. Reg. 707, 720, 728–29 (Dec. 29, 2009) (internal hyphenation omitted). A defense counsel does not 'need to know' classified information that is neither helpful nor material to the defense of his or her client. *See United States v. Libby*, 429 F. Supp. 2d 18, 24 & n.8 (D.D.C. 2006) ("It is axiomatic that even if the defendant and his attorneys had been granted the highest level of security clearances, that fact alone would not entitle them to access to every piece of classified information this country possesses.").

*See United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 n.2 (2d Cir. 2020) (rejecting defendant's argument that where a defense counsel has an appropriate security clearance, defense counsel must be given access to the classified information.).

The proposed protective order provides for the handling of classified information in a manner designed to protect national security and sets forth a procedure for the production of classified discovery. It ensures that only those with an appropriate national security clearance and a "need to know" may have access to the classified information that may be implicated in this case. The proposed protective order contains substantially the same provisions that have been approved by other circuits that have considered the scope and validity of such protective orders. *See, e.g., United States v. Moussaoui*, 591 F.3d at 283, 289-90; *In re Terrorist Bombings*, 552 F.3d at 120-30.

For the foregoing reasons, the United States respectfully requests that the Court enter the proposed protective order attached to this pleading.

                                              Respectfully submitted,

                                              G. ZACHARY TERWILLIGER
                                              UNITED STATES ATTORNEY

| /s/ | By: /s/ |
|---|---|
| Rebecca A. Magnone | James P. Gillis |
| Massachusetts Bar No. 672299 | Virginia Bar No. 65055 |
| Trial Attorney | John T. Gibbs |
| National Security Division | Virginia Bar No. 40380 |
| United States Department of Justice | Assistant United States Attorneys |
| 950 Pennsylvania Avenue, NW | The Justin W. Williams |
| Washington, DC 20004 |    United States Attorney's Office |
| (202) 353-9472 | 2100 Jamieson Avenue |
| Rebecca.Magnone@usdoj.gov | Alexandria, VA 22314 |
| | (703) 299-3700 |
| | (703) 299-3982 (fax) |
| | James.P.Gillis@usdoj.gov |
| | John.Gibbs@usdoj.gov |

CERTIFICATE OF SERVICE

I certify that on August 26, 2020, I electronically filed the foregoing using the CM/ECF system, which will send a notification of such filing to all counsel of record.

Respectfully submitted,

_____/s/_____
James P. Gillis
Assistant United States Attorney