**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Criminal No.  1:17-CR-270** |
| **v.** ) | |
| ) | **Honorable Liam O'Grady** |
| **AMAN HASSAN YEMER,** *et al.* ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO SEAL DEFENDANT'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS INDICTMENT**
**AND EXHIBITS THERETO**

## I.      INTRODUCTION

Aman Hassan Yemer, by counsel, moves this Honorable Court, pursuant to Local Crim. R.
49, for entry of an Order permitting his Memorandum in Support of Motion to Dismiss Indictment
and Exhibits thereto to be filed under seal.  Sealing is necessary because the it contains private
medical information.

## II.      ARGUMENT

The Memorandum in Support of Motion to Dismiss Indictment and Exhibits thereto should
be sealed because they contain confidential and medical information that the public would not,
under any other circumstances, be entitled to see.  It is true that judicial proceedings are generally
open to the public and that there exists, while not a First Amendment right, a common law right
of public access to judicial records and documents.  *Media Gen. Operations, Inc. v. Buchanan*,
417 F.3d 424, 429 (4th Cir. 2005) (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 64-65 (4th Cir.
1989)).  The presumption of the right of access can be rebutted if countervailing interests heavily
outweigh the public interests in access. *Virginia Dep't of State Police v. Washington Post*, 386

F.3d 567, 575 (4th Cir. 2004). The party seeking to overcome the presumption bears the burden

of showing some significant interest that outweighs the presumption. *Id*. at 575. Ultimately, the

decision to seal is a matter best left to the sound discretion of the district court. *Washington Post*,

386 F.3d at 575. With respect to medical records in particular, the Eastern District of Virginia has

previously held that such records are entitled to privacy protection and may be filed under seal.

*James v. Service Source, Inc.*, 2007 U.S. Dist. LEXIS 86169 at \*12 (Nov. 21, 2007 E.D. Va.).

Finally, sealing, as opposed to redaction, is necessary to protect the confidential

information contained in the document is confidential in its entirety.

## III.  CONCLUSION

Defendant respectfully requests that the Court enter an Order providing that Defendant's

Memorandum in Support of Motion to Dismiss Indictment and Exhibits thereto shall be

permanently filed under seal.

Respectfully submitted,

AMAN HASSAN YEMER
By Counsel

/s/_____
Nina J. Ginsberg, Esquire
*Counsel for Defendant*
VSB # 19472
DiMuroGinsberg, P.C.
1101 King Street, Suite 610
Alexandria, VA  22314
703-684-4333 (Phone)
703-548-3181 (Fax)
nginsberg@dimuro.com

## CERTIFICATE OF SERVICE

I hereby certify on this 28TH day of March, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to counsel of record.

/s/_____
Nina J. Ginsberg, Esquire